United States District Court
Southern District of Texas
**ENTERED**
May 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OMAR HIDALGO SILVA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-1911 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Omar Hidalgo Silva ("Petitioner"), a citizen of Cuba, entered the country without inspection on January 4, 2023.[1]  That same day Petitioner was taken into immigration custody and issued a notice to appear, denying Petitioner admission into the United States.[2] On February 15, 2023, Petitioner was released on his own recognizance.[3]  On January 9, 2026, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2) at his check in appointment.[4]  Petitioner remains in immigration custody.

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, pp. 1, 4 ¶¶ 2, 13.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ"), Docket Entry No. 7, p. 2.

[3]Id.

[4]Id. at 2-3; Habeas Petition, Docket Entry No. 1, p. 4 ¶ 13.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[5]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7). Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[6] Petitioner has filed a reply.[7]

Petitioner argues that because he was detained and released upon his entry into the United States, he cannot be detained under § 1225(b)(2).[8] However, as the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Id. at 498, 502.

Petitioner also argues that because he was previously granted parole, his detention without a bond hearing violates procedural due process.[9] First, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because

---

[5]Habeas Petition, Docket Entry No. 1, pp. 9–11 ¶¶ 32–51.

[6]Respondents' MSJ, Docket Entry No. 7, pp. 1-2.

[7]Brief in Reply to Respondents Response to Petition and Motion for Summary Judgment, Docket Entry No. 8.

[8]Brief in Reply to Respondents Response to Petition, Docket Entry No. 5, p. 3 ¶¶ 8–11.

[9]Id. at 5 ¶¶ 22-25.

Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.  Moreover, under § 1226(b), "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."  8 U.S.C. § 1226(b).

Finally, Petitioner argues that his detention without a bond hearing violates substantive due process.[10]  But as explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 15th day of May, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[10]Id. at 4 ¶¶ 18-20.

-3-